IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL A. JOHNSON                                                                                          PLAINTIFF
ADC # 110504

v.                                               4:23CV01096-BRW-JTK

DEXTER PAYNE, et al.                                                                                        DEFENDANTS

## ORDER

Michael A. W. Johnson ("Plaintiff") has filed a Motion to Compel Discovery, Motion for Declaratory Relief, Motion for Copies, and Motion to Amend Complaint. (Doc. Nos. 56, 58, 59, 60). For the reasons set out below, Plaintiff's Motions (Doc. Nos. 56, 58, 59, 60) are DENIED.

### I.    Motion To Compel Discovery

In his Motion to Compel Discovery, Plaintiff asks the Court to review Defendant Smith's disciplinary file. (Doc. No 56). At this stage of this case—Defendants were only recently served—it is not necessary for the Court to review Defendant Smith's disciplinary file. Accordingly, Plaintiff's Motion is denied.

### II.    Motion for Declaratory Relief and Motion to Amend Complaint

In his Motion for Declaratory Judgment, Plaintiff asks for the State of Arkansas and the Compliance Division to be added as Defendants in this case. (Doc. No. 58). Plaintiff also asks that, if he request to amend his Complaint is granted, declaratory judgment be entered in his favor. (Id.).

In his Motion to Amend Complaint, Plaintiff again asks for the State of Arkansas and the Compliance Division to be added as Defendants in this case and for declaratory judgment. (Doc. No. 60).

A court should give leave to amend freely where justice so requires. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). A plaintiff,

however, does not have "an absolute or automatic right to amend."  Sorace v. United States, 788 F.3d 758, 767 (8th Cir. 2015) (internal citation omitted).  "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" Wagstaff & Cartmell, LLP v. Lewis, 40 F.4th 830, 841 (8th Cir. 2022) (citing Sherman., 532 F.3d at 715).

The Compliance Office is not a "person" subject to suit under 42 U.S.C. § 1982.  Zar v. S.D. Bd. of Exam'rs of Psychologists, 976 F.2d 459, 464 (8th Cir. 1992) (state departments not "persons" under § 1983).  Adding the Compliance Office as a Defendant would be futile.

Further, Plaintiff did not explain the claims he wishes to bring against the State of Arkansas.  His Motion to Amend is made up of affidavits, letters to others, a UAMS record dating to 2018, and a grievance, among other papers.  Without knowing the claims Plaintiff wishes to add, the Court cannot determine if Plaintiff's proposed amendment would be futile.  Accordingly, Plaintiff's Motions are denied.

### III.     Motion for Copies

Plaintiff seeks a "copy of rules on interrogatories to procced" because the printer is down. (Doc. No. 59).  Plaintiff's request is denied.

IT IS SO ORDERED this 25th day of January, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE